[Cite as *State v. Duck*, 2011-Ohio-3035.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER ALLEN DUCK | : | Case No. 2010CA00174 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
                             Case No. 2010CR0055(A)


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 20, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       ANTHONY T. KAPLANIS
Stark County Prosecutor               701 Courtyard Center
                                      116 Cleveland Avenue, NW
RENEE M. WATSON                       Canton, OH  44702
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

*Farmer, P.J.*

{¶1}  On February 17, 2010, the Stark County Grand Jury indicted appellant, Christopher Allen Duck, on one count of complicity to aggravated murder in violation of R.C. 2923.03(A)(2) and R.C. 2903.01(B) and one count of complicity to aggravated robbery in violation of R.C. 2923.03(A)(2) and R.C. 2911.01(A)(3).  Said charges arose from an incident wherein appellant was one of three individuals who attacked, beat, and robbed Chris Anderson.  Mr. Anderson died as a result of his injuries.

{¶2}  A jury trial commenced on May 24, 2010.  The jury found appellant guilty as charged.  By judgment entry filed June 3, 2010, the trial court sentenced appellant to twenty-five years to life in prison.

{¶3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}  "THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS TO COMPLICITY TO AGGRAVATED MURDER."

I

{¶5}  Appellant claims his conviction for complicity to aggravated murder was against the sufficiency and manifest weight of the evidence.[1]  We disagree.

{¶6}  On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks* (1991), 61 Ohio St.3d 259.  "The relevant inquiry is whether, after viewing the

---

[1]Appellant does not assign as error his complicity to aggravated robbery conviction.

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7}    Appellant was convicted of complicity to aggravated murder as well as aggravated robbery. Complicity is defined in R.C. 2923.03(A)(2) as follows:

{¶8}    "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

{¶9}    "(2) Aid or abet another in committing the offense."

{¶10}  "Aiding and abetting" is defined as "[o]ne who assists another in the accomplishment of a common design or purpose." Black's Law Dictionary (6 Ed.1990) 68.

{¶11}  Aggravated murder is defined in R.C. 2903.01(B) as follows:

{¶12}  "No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape,

aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, terrorism, or escape."

{¶13} Appellant argues the evidence did not establish that he had the specific intent of "purposely" to aid and abet in aggravated murder. On December 27, 2009, appellant and two other individuals traveling in a vehicle came upon the victim, Chris Anderson, walking on a sidewalk. T. at 214, 247-248. The three jumped out of the vehicle, with appellant exiting the rear seat, and chased down Mr. Anderson. T. at 248. Appellant admitted to police that he and his two friends were involved in the attack and he in fact was the first to hit Mr. Anderson by tackling him to the ground. Appellant's Brief at 4; T. at 214. However, appellant argues he did not pursue the attack of Mr. Anderson, he attempted to stop it, and he advised a caller to Mr. Anderson's cell phone "I think you need to get down here, he looks beat up pretty bad." T. at 228-229. It is appellant's position that his actions did not purposely cause Mr. Anderson's death and therefore he was only guilty of involuntary manslaughter which is defined in R.C. 2903.04(A) as, "[n]o person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony."

{¶14} We note the trial court gave the jury a specific instruction on involuntary manslaughter. T. at 307-308, 345.

{¶15} The distinction between the two offenses is the lack of "purposely" as an element of involuntary manslaughter vis-à-vis aggravated murder. "Purposely" is defined in R.C. 2901.22(A) as follows:

{¶16} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

{¶17} State's Exhibit 1 is a video of the entire incident and the unfortunate demise of Mr. Anderson. The first responders noted that Mr. Anderson did not have a pulse at the scene. T. at 164. The video depicts the chase, tackle, beating, and the return of appellant and his two friends ten minutes after the attack. Regrettably, the video was memorialized on the You Tube website for all to see.

{¶18} Appellant argues the Stark County Coroner's findings indicating the cause of Mr. Anderson's death to be "multiple impact injuries to head" establishes that his tackle did not cause the death. T. at 286. However, the autopsy also found a fracture of the back of the skull and no defensive wounds. T. at 269, 284. These facts, coupled with the force of the tackle and Mr. Anderson's supine submission to further attacks, indicate that once tackled, Mr. Anderson was unable to defend himself, leading to the single conclusion that in fact, appellant's tackle aided and abetted the aggravated murder of Mr. Anderson.

{¶19} There is no doubt that appellant purposely exited the rear seat of the vehicle and first reached Mr. Anderson and put him down. After the attack, the three returned to the scene some ten minutes later to review the results, after going to a drive-thru to purchase some beverages. T. at 253.

{¶20} The scene was predatory and vicious in nature and evidence of a pack mentality. We are convinced that the evidence was sufficient to establish "purposely" and we fail to find that the jury lost its way.

{¶21} The sole assignment of error is denied.

{¶22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


 s/ John W. Wise_____


 s/ Patricia A. Delaney_____

JUDGES


SGF/sg 524

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                 :

                       :

    Plaintiff-Appellee        :

                       :

-vs-                      :          JUDGMENT ENTRY

                       :

CHRISTOPHER ALLEN DUCK    :

                       :

    Defendant-Appellant    :          CASE NO. 2010CA00174

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

                               s/ Sheila G. Farmer_____

                               s/ John W. Wise_____

                               s/ Patricia A. Delaney_____

                                       JUDGES